UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 10-MJ-389 (SRN)

In the Matter of Search Warrant
For 2911 Park Avenue, Minneapolis, MN 55407
Issued September 23, 2010

In the Matter of Search Warrant
For 1823 Riverside Avenue, #2
Minneapolis, MN  55454
Issued September 23, 2010

### MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL SEARCH WARRANT APPLICATIONS AND SUPPORTING AFFIDAVITS

Petitioners Jessica R. Sundin and Michael Kelly, by and through counsel Bruce D. Nestor of De León & Nestor, LLC, submit this Memorandum in Support of Motion to Unseal Search Warrant Applications and Supporting Affidavits.

### BACKGROUND

Over three years ago, based upon the submission of secret evidence, the United States government convinced Magistrate Judge Susan R. Nelson in a non-adversarial proceeding to seal the search warrant applications and supporting affidavits at issue in this matter. Over three years have now passed without the filing of any criminal charges related to these applications and affidavits. Over three years after the applications and affidavits were ordered sealed, there are no public signs that the government is continuing its investigations related to these warrants or of the individuals named in the warrants. Indeed, while turning the constitutional presumption of innocence on its head by stating that the Petitioners in this matter remain subject to prosecution and therefore under

"suspicion," the government in its Pre-Hearing Response does not assert that the investigation is continuing or likely to result in the filing of criminal charges. The government's essential argument advanced in its Pre-Hearing Response is that because a Magistrate Judge determined three years ago, based upon the submission of secret evidence in a non-adversarial proceeding, that sealing was then warranted, sealing remains warranted today and presumably until the statute of limitations expires at some indefinite point in the future. Such a position is contrary to case law which favors public disclosure of judicial records, violates the rights of the petitioners and the public to subject governmental action to public scrutiny, and ignores the factual developments and revelations in this case over the past three years.

## ARGUMENT

In <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589 (1978), the United States Supreme Court recognized that the Sixth Amendment right to a public trial is "a safeguard against any attempt to employ our courts as instruments of persecution," <u>In re Oliver</u>, 333 U.S. 257, 270 (1948)," 435 U.S. at 610. The supervisory power of the courts to limit access to judicial records exists for the purpose of preventing use of those records for "an improper purpose" such as to "gratify private spite," "promote public scandal," or "harm a litigant's competitive standing." 435 U.S. at 598. While the right to inspect and copy judicial records is not absolute, the Supreme Court recognized a "general right to inspect and copy public records and documents, including judicial records and documents." 435 U.S. at 597. The presumption is in favor of the "common law right of access" and against the secrecy and sealing of judicial records. <u>United States v.</u>

McDougal, 103 F.3d 651, 657 (8th Cir. Ark. 1996). The clear import of these decisions is that it is within the power of this court to regulate the release of judicial records and not the government's prerogative to seal records in order to keep them from public scrutiny. As a guardian of the Constitution and a restraint on the power of the executive branch, the judiciary should err on the side of public disclosure.

Where various Courts of Appeals have upheld the sealing of search warrants based upon a request by the government, it has been for a limited period of time. In In Re: Sealed Affidavit(s) to Search Warrants Executed on February 14, 1979, Agosto, 600 F.2d 1256 (9th Cir. 1979), the court issued its ruling recognizing the power of the District Court to seal warrant applications only four months after the warrants were executed and because of an "ongoing federal investigation" related to the warrants. 600 F.2d at 1257. In Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975), the court issued its ruling approximately eight months after the warrants were sealed and explicitly noted that the dismissal of the claim to unseal the warrants "…was without prejudice to reasserting the claim if the government's delay in either prosecuting or taking other dispositive action reaches unreasonable proportions," 520 F.2d at 882, or "…the Department of Justice fail[s] to proceed with reasonable dispatch in presenting its case predicated on the seized property to the grand jury." 520 F.2d at 880. Such unreasonable delay by the government would support "de novo review" of issues related to issuance and sealing of the warrants "if the government's delay in prosecuting or otherwise disposing of the action reaches unreasonable proportions." United States v. One Residence & Attached Garage etc., 603 F.2d 1231, 1237 (7th Cir. Ill. 1979).

Petitioners assert that a period in excess of three years is an excessive period of time to keep judicial records in a potential criminal proceeding sealed and hidden away from public scrutiny. At a minimum, the government should have to establish to a reviewing court that the investigation remains ongoing in a significant and meaningful way, that during the last three years the government has acted with dispatch to present evidence to a grand jury and seek an indictment if it intends to do so, and that further sealing is necessary for a discrete period of time to serve a compelling governmental interest. For three years, the United States has had access to the hard drives of the petitioners' computers seized during the raids, to petitioners' cell phones, and to thousands of documents, photos, diaries, and other items seized from petitioners' homes. This investigation now appears to have lasted over five years – two years of infiltration from 2008 to 2010 and three years of analysis of seized computers, phones and documents.  The government's claim that "the compelling government interest cited in the government's original moving papers remains unchanged today" must be closely scrutinized by this court to prevent the government's claim from simply being used to support sealing of documents on a permanent basis or until some indefinite time in the future.

The government's position in this matter also raises the question, "What is the prosecution trying to hide?" The ability of the government to submit *in camera* all factual assertions and evidence in support of its claims of a "compelling interest" in sealing prevents undersigned counsel from effectively challenging the government's claims. However, counsel assumes that the government is relying on frequent and well-worn

claims made in other cases that secrecy is necessary to protect the identity and safety of informants and infiltrators, that secrecy is necessary to protect the use of government investigative techniques, that secrecy is necessary to protect the "integrity of the investigation," or that the demands of the national security state require these records remain secret from the people of the United States.

Counsel actually believes it is more likely that the government's claimed need for continued secrecy after three years is to prevent the government from being embarrassed by its actions in this case, as much is already known about the government's investigative techniques, the identity of the government's informants and infiltrators, and the general nature of the government's investigation. As shown by the Exhibits in Support of Motion to Unseal, the petitioners and public are already aware that the government used an informant to infiltrate dissident political organizations in the two year period from 2008-2010 prior to issuance of the warrants (Exhibits, Tab A). The petitioners and public are aware that the government served subpoenas seeking information about the petitioner's travels, political beliefs, and contacts with people and political organizations inside and outside the United States. (Exhibits, Tab B). The petitioners and public are aware that the government sought to question well known and active political dissidents about their political associations and beliefs, their travel abroad, and their opposition to government policy. (Exhibits, Tab C). The records left by the FBI at petitioner Kelly's home demonstrate that the FBI carried out pre-raid surveillance of his home. Further, in meetings in December of 2010 and January of 2011 between the Department of Justice and legal representatives of other person's homes who were raided on September 24,

2010, the Department of Justice confirmed that informants had infiltrated the petitioner's political organizations and recorded conversations on body-wires at bars, restaurants, homes, and political conferences. The government confirmed that it was investigating trips to Colombia and Palestine made by persons targeted in the September 24, 2010, raids, and investigating humanitarian aid provided to the Union of Palestinian Women's Committees. The government further described its investigation into speakers and public presentations made in the United States by persons that it claimed were associated with organizations in Palestine and Colombia. In its Pre-Hearing Response, the government also appears to confirm that it has intercepted "wire and oral communications" involving the petitioners as the government asserts that continued sealing of the warrant applications at issue in this Motion is necessary to avoid jeopardizing "the purpose and intent to the previous orders" issued "in connection with orders authorizing the interception of wire and oral communications."

In the past three years, information already in the public realm confirms the government use of informants and infiltrators, confirms the physical appearance of at least two of these infiltrators and of their aliases, confirms that the government recorded oral conversations and likely intercepted wire communications, and confirms the general nature and scope of the government's investigation. Over the past five years, the government has infiltrated the petitioners' political organizations and had unfettered access to examine seized computers, phones, and documents. What is the government trying to hide? Given what is already publicly known, given the length of this investigation and the access of the government to the "evidence" seized in the raids on

September 24, 2010, what further compelling government interest is served by continuing these sealing orders until an indefinite time in the future?

## CONCLUSION

Petitioners request that the Court find that the presumption in favor of open access to judicial records, and the unreasonable delay of the government in completing the investigation related to these warrants, support unsealing of the warrant applications and supporting affidavits more than three years after they were originally sealed. The Motion to Unseal should be granted in its entirety.

Date: <u>October 30, 2012</u>         <u>     S/BRUCE D. NESTOR     </u>
Bruce D. Nestor, 0318024 – MN
DE LEÓN & NESTOR, LLC
3547 Cedar Avenue South
Minneapolis, MN  55407
(612) 659-9019
(612) 436-3664 – Facsimile
nestor@denestlaw.com